UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMJAE A D'ALLO,<br><br>              Plaintiff,<br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>              Defendant. | CASE NO. C23-5640 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), Dkt. 4, recommending that the Court grant in part pro se prisoner-plaintiff Timjae D'Allo's application to proceed *in forma pauperis*, Dkt. 1, supported by his proposed amended complaint, Dkt. 3.

The R&R correctly concludes that the Washington State Department of Corrections is not a "person" for purposes of 42 U.S.C. § 1983, and recommends dismissing D'Allo's claims against that entity. Dkt. 4 at 2. That portion of the R&R is **ADOPTED**.

1     Judge Leupold ordered D'Allo to amend his complaint in support of his
2 application to proceed *in forma pauperis*, and D'Allo did so. Dkt. 3. The R&R
3 recommends granting *in forma pauperis* status and permitting D'Allo's claims against
4 individual defendants Stephanie Modrijan, Vanessa MacBride, and Courtney Durrah to
5 proceed. According to D'Allo, each defendant is a probation officer. D'Allo alleges that
6 Modrijan violated his constitutional rights when she "imposed probationary conditions"
7 on him. Dkt. 3 at 9. He also asserts that Modrijan violated his due process rights by
8 "ordering his detainment without notice for probable cause," *id*. at 10, and that she
9 deprived him of life saving medication for almost four days. He claims the defendants
10 conspired to extend his wrongful incarceration and subjected him to vindictive treatment.
11 *Id*. D'Allo contends that the defendants ordered him to drive 528 miles to Benton County
12 without stopping for gas or to use the bathroom, and that they violated his constitutional
13 rights by prohibiting him from entering a church or praying. *Id*. at 11.

14     A court should "deny leave to proceed *in forma pauperis* at the outset if it appears
15 from the face of the proposed complaint that the action is frivolous or without merit."
16 *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted);
17 *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it
18 ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v.
19 Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221,
20 1228 (9th Cir. 1984).

21     A pro se plaintiff's complaint is to be construed liberally, but like any other
22 complaint it must nevertheless contain factual assertions sufficient to support a facially

plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

D'Allo's proposed amended complaint is not frivolous on its face, but in the Court's view he has yet to state a plausible claim against any defendant.

First, he has not plausibly described facts leading to the conclusion that Modrijan or any other probation officer "imposed conditions of probation" on him; only a court can impose conditions of probation or supervised release. Nor is it yet clear how any probation officer is responsible for providing medication to D'Allo, or how such an officer could deprive him of his medications. D'Allo's conclusory claims that he was harassed, abused, and subjected to vindictive treatment are not supported by factual allegations plausibly supporting the conclusion that any defendant did so to an extent that violated his constitutional rights.

D'Allo similarly has not yet alleged factual support for the seemingly implausible claim that any defendant unconstitutionally "ordered" him to drive 528 miles, without stopping, even for gas or to use the bathroom, to appear in court in Benton County. The claim that Durrah prohibited D'Allo from attending church or even from praying is similarly unsupported by plausible facts. Dkt. 3 at 11. It remains unclear how or why she would do so.

The Court will not yet grant D'Allo's application to proceed *in forma pauperis*, but it will permit him another opportunity to amend his complaint to state a plausible

§ 1983 claim against the three individual defendants. To state a plausible claim, he must allege facts describing the "who, what, when, where, how, and why" of a constitutional violation; conclusory statements are not sufficient. Any proposed amended complaint should be filed within 21 days.

The Court **DECLINES** to adopt the R&R's recommendation that D'Allo has met his pleading burden to proceed *in forma pauperis*. The Clerk shall **RE-NOTE** D'Allo's application to proceed *in forma pauperis*, Dkt. 1, for Friday, December 10, 2023.

**IT IS SO ORDERED**.

Dated this 17th day of October, 2023.

BENJAMIN H. SETTLE
United States District Judge