1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMJAE A. D'ALLO,

                Plaintiff,

     v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
*et al.*,

                Defendants.

CASE NO. 3:23-cv-05640-BHS

REPORT AND RECOMMENDATION

Noting Date: February 2, 2024

This matter is before the Court on referral of Plaintiff Timjae A. D'Allo's Motion to Proceed *In Forma Pauperis* ("IFP") and his proposed Second Amended Complaint ("SAC"). *See* Dkts. 1, 6; *see also* Amended General Order 11-22. Plaintiff proceeds *pro se*.

For the reasons set forth below, the Court concludes that Plaintiff's proposed SAC fails to state a claim upon which relief can be granted. The Court previously offered Plaintiff an opportunity to amend his Complaint, and the amendment has proven to be futile. *See* Dkts. 3, 5. Therefore, the Court declines to offer Plaintiff another opportunity to amend. The Court recommends that the IFP Motion (Dkt. 1) be **DENIED**, that this matter be **DISMISSED without prejudice**, and that the case be **CLOSED**.

# I.    BACKGROUND

Plaintiff initiated this matter on July 18, 2023, and seeks to proceed IFP. *See* Dkt. 1. On August 18, 2023, after reviewing Plaintiff's proposed Complaint, the Court ordered Plaintiff to amend his Complaint in support of his IFP Application. *See* Dkt. 2. Plaintiff filed a proposed First Amended Complaint on September 11, 2023. Dkt. 3. On September 19, 2023, the Court issued a Report and Recommendation ("R&R"), recommending the claims against Defendant Washington State Department of Corrections ("DOC") be dismissed because that entity is not a "person" for purposes of 42 U.S.C. § 1983, but also recommending the IFP Motion be granted and Plaintiff be permitted to proceed with his claims against the remaining individual Defendants. *See* Dkt. 4.

On October 17, 2023, the District Court issued an Order adopting the portion of the R&R recommending dismissal of claims against the DOC, but declining to adopt the R&R's recommendation that Plaintiff's IFP Motion be granted and he be permitted to proceed with the claims against the remaining individual Defendants. *See* Dkt. 5. Instead, the District Court afforded Plaintiff another opportunity to amend his Complaint to state a plausible § 1983 claim against the three remaining individual Defendants. *Id*. Specifically, the District Court informed Plaintiff that, in order to state a plausible claim, he must allege facts describing the "who, what, when, where, how, and why" of a constitutional violation and that conclusory statements are not sufficient. *See id*. at 4. Plaintiff filed his proposed SAC on November 1, 2023.[1] Dkt. 6.

---

[1] On December 4, 2023, Plaintiff filed a Notice to the Court, informing the Court of an incident at the probation office on November 15, 2023, involving Plaintiff, a police officer, and several named and unnamed probation officers. Dkt. 7. The Notice appears to be argument presented to the Court in furtherance of his claims or, in the alternative, new claims. *See id*. However, to date Plaintiff has not presented the Court with a motion for leave to further amend his proposed SAC. *See* Dkt.

1

## II.    DISCUSSION

2    The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to

3    mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or

4    malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief

5    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also*

6    *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

7    1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

8    2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

9    *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

10    ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

11    1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also*

12    *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

13    A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

14    must nevertheless contain factual assertions sufficient to support a facially plausible claim for

15    relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

16    U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

17    content that allows the court to draw the reasonable inference that the defendant is liable for the

18    misconduct alleged." *Iqbal*, 556 U.S. at 678.

19    Here, Plaintiff's proposed SAC fails to state a plausible claim for relief against any

20    Defendant. Initially, from a reading of the proposed SAC's caption as well as Plaintiff's 5-page

21    "Claim Attachment/Complaint," it appears that Plaintiff now names the following Defendants:

22    Stephanie Madrijan, Vanessa MacBride, Courtney Durrah, Cheryl Strange, and the DOC. *See*

23    Dkt. 6 at 2, 9. The Court also notes that Plaintiff has attached 150-pages of exhibits to his

24

proposed SAC. *See* Dkt. 6 at 14–164. While some of these exhibits may serve as evidentiary

support for Plaintiff's allegations, they are not a substitute for a well-pled complaint, and thus

will not be considered as part of the proposed SAC. *See* Fed. R. Civ. P. 8(a), (d) (a complaint is

required to contain "a short and plain statement of the claim showing the pleader is entitled to

relief" and "[e]ach allegation must be simple, concise, and direct").

### A.    Allegations in Proposed Second Amended Complaint

In his proposed SAC, Plaintiff asserts Defendants violated his constitutional rights in the

context of imposing his conditions of probation. *See* Dkt. 6. As to Defendants Modrijan,

MacBride, and Durrah,[2] all of whom Plaintiff asserts are probation officers, Plaintiff alleges they

violated his rights when they imposed upon him excessive and unjustified conditions of

probation. Dkt. 6 at 9–13. According to Plaintiff, in April 2023, he was directed to travel to the

probation office to meet his new probation officer, Defendant MacBride, and sign additional

paperwork. *Id*. at 10.

Once there, Plaintiff was informed that probation had reason to believe he violated a

condition of his probation related to traveling outside the county and, therefore, they were

assigning Plaintiff a GPS monitor and adding surveillance software to his phone. *Id*. at 11.

Plaintiff objected to these conditions and he was immediately ordered detained at the Nisqually

County Jail. *Id*. While at the Jail, unnamed jail officials deprived him of essential medications

and food and water for over three days. *Id*. at 12. When Plaintiff was returned to the custody of

probation officers and in a vehicle with Defendant MacBride travelling back to the probation

office for the GPS monitor, Defendant MacBride initiated a conversation by asking "why [he]

---

[2] Plaintiff only names Defendant Durrah in the caption of his proposed SAC. *See* Dkt. 6 at 2. However, out of an abundance of caution to this *pro se* plaintiff and construing his proposed SAC liberally, the Court will construe allegations that are unclear as to the identity of the named probation officer Defendants to include Defendant Durrah as a participant.

1  lack[s] respect for women." *Id*. at 11–12. When Plaintiff admittedly responded sarcastically (*see*

2  Dkt. 6 at 11), Defendant MacBride "verbally assaulted" Plaintiff by getting upset and yelling "sit

3  the fuck back and shut up you talking too fucking much," (*id*. at 12).

4        Subsequently, while being fitted with the GPS monitor at the probation office, Defendant

5  Modrijan became enraged when Plaintiff questioned how long he would need to wear the

6  monitor, Defendant Modrijan allegedly responded by ordering Plaintiff to undergo a polygraph

7  examination. *Id*. at 12. After Plaintiff took the polygraph, he was soon informed that he had

8  failed the test and therefore was being sent back to the County Jail. *Id*. In the Jail that night,

9  Plaintiff was assaulted by a "random inmate." *Id*. at 13.

10        Finally, Plaintiff alleges that at some point he was ordered to drive for more than 11

11  hours without stopping for food or gas or to use the bathroom, presumably in order to attend a

12  meeting regarding his conditions of probation.[3] *Id*. at 10.

13        As relief, Plaintiff requests that the remainder of his term of probation be terminated, or

14  that his conditions of probation be restructured to relate only to his criminal offense, and that his

15  sex offender status be reduced. *Id*. at 7.

16        **B.    Individual Defendants**

17        Plaintiff's proposed SAC suffers from deficiencies related to stating a plausible claim for

18  relief and establishing personal participation for each of the individual defendants. To state a

19  claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or

20  personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d

21

22  ─────────────────

23  [3] From a review of the exhibits attached to Plaintiff's proposed SAC, it is not clear if the allegations related to this
   11-hour drive pertain to Plaintiff being called to respond to a March 2022 incident in which he was found to be in
   possession of alcohol in violation of the terms of his probation or to a late April 2023 order to attend a scheduled
   hearing. *See* Dkt. 6 at 14–16; 66. Without more, the Court will consider this allegation as temporally unrelated to the
24  proposed SAC.

628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another to a deprivation of

a constitutional right when committing an affirmative act, participating in another's affirmative

act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743

(9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a

claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious

liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights.

*City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989). A supervisor will only be liable for the

actions of his or her subordinates if he or she participated in or directed the alleged violations.

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

### 1.    Defendants Modrijan, MacBride, & Durrah

In his proposed SAC, Plaintiff has not alleged facts sufficient to show these Defendants,

all probation officers, violated his constitutional rights. As the District Court previously noted in

its Order granting Plaintiff another opportunity to amend his Complaint, it is not a probation

officer who imposes conditions of probation; rather, "only a court can impose conditions of

probation or supervised release." Dkt. 5 at 3. And Plaintiff has not cured that deficiency in his

proposed SAC. Plaintiff has not plausibly described facts leading this Court to conclude that any

of these Defendants themselves imposed conditions of probation on Plaintiff that were not

previously established by a court as terms or conditions of his probation. As such, Plaintiff has

failed to state a claim related to the imposition of conditions of probation in violation of his

constitutional rights against these three Defendants.

Further, in his proposed SAC, Plaintiff has failed to cure the deficiency noted by the

District Court with respect to his claim that these Defendants deprived him of his medication in

the County Jail in violation of his constitutional rights. *See* Dkt. 6 at 12. Instead, Plaintiff alleges

he only informed these Defendants, in particular Defendant Modrijan, of unnamed jail officials'

allegedly unconstitutional acts or omissions at the County Jail after he had already returned to

the probation office to be fitted for the GPS monitor. *See id*. Therefore, Plaintiff has failed to

establish how any of these Defendants, serving as probation officers, were responsible for

providing Plaintiff with essential medications or provisions such as food and water at the County

Jail. Nor has he established how any of these Defendants could have knowingly deprived

Plaintiff of the medications or provisions at the County Jail. Therefore, the proposed SAC fails to

state such claims.

 Finally, in his proposed SAC, Plaintiff has also failed to cure the deficiency noted by the

District Court with respect to his allegations of harassment, abuse, and vindictive treatment by

these Defendants in violation of his constitutional rights. Rather, the claims set forth in the

proposed SAC are conclusory and not supported by factual allegations that show these

Defendants' acts or omissions rose to the level of a constitutional violation. By way of example,

Plaintiff's claim that Defendant MacBride "verbally assaulted" him in the vehicle as they

traveled to the probation office does not rise to the level of a constitutional violation. Although

particularly egregious verbal harassment "calculated to and ... caus[ing] psychological damage"

may be sufficient to state a claim for a constitutional violation, *Keenan v. Hall*, 83 F.3d 1083,

1092 (9th Cir. 1996), *amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998), threats are not

generally sufficient to state an Eighth Amendment claim, *see Gaut v. Sunn*, 810 F.2d 923, 925

(9th Cir. 1987). *See also Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (allegations

of verbal harassment and abuse are not sufficient to state a claim for relief under § 1983). Here,

without more, Plaintiff's allegations of verbal harassment or assault by Defendant MacBride

1    cannot be categorized as particularly egregious such that he has stated a claim for a constitutional

2    violation. Thus, the proposed SAC fails to state a claim here.

3                    2.    Defendant Strange

4           The Court takes judicial notice that Defendant Cheryl Strange is the Secretary of the

5    DOC, and not a probation officer. *See* Fed. R. Evid. 201 (a court may take judicial notice of

6    matters of public record). Plaintiff's proposed SAC does not allege facts showing Defendant

7    Strange personally participated in violating Plaintiff's constitutional rights. Dkt. 6 at 1–13. In

8    fact, none of the allegations in Plaintiff's proposed SAC indicate Defendant Strange was even

9    aware of Plaintiff's circumstances in April 2023. *Id*.

10          To the extent Plaintiff has named Defendant Strange in connection with the allegations

11   relating to his conditions of confinement at the County Jail, whereby she allegedly failed to

12   properly train and supervise prison officials, Plaintiff has also failed to state a claim. Though a

13   causal connection can be established through deficiencies in training, supervising, or controlling

14   subordinates, it cannot be through a theory of vicarious liability. *See Cunningham v. Gates*, 229

15   F.3d 1271, 1292 (9th Cir. 2000). To be liable, a defendant must have committed an affirmative

16   act, participated in another's affirmative act, or failed to perform an act she was legally required

17   to do. *Johnson*, 588 F.2d at 743–44. "A supervisor is only liable for the constitutional violations

18   of his subordinates if the supervisor participated in or directed the violations, or knew of the

19   violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045. Plaintiff has not alleged

20   sufficient facts to support a claim for supervisory lapses.

21          Thus, upon review, the Court finds that, even construing the proposed SAC liberally,

22   Plaintiff has not stated any facts that Defendant Strange knew of Plaintiff's circumstances during

23   April 2023, or that she acquiesced in any unconstitutional conduct. Furthermore, Plaintiff has not

24

1   alleged sufficient facts to support a claim that Defendant Strange is liable based on her

2   supervisory responsibilities. As a result, the Court recommends Plaintiff's claims against

3   Defendant Strange, in any capacity, be dismissed.

4       **C.    Defendant DOC**

5       Plaintiff again has named the DOC as a Defendant in this matter, a civil rights action

6   under 42 U.S.C. § 1983. *See* Dkt. 6 at 9. Section 1983 applies to the actions of "persons" acting

7   under the color of state law. An agency that is an arm of the state is not a "person" for purposes

8   of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). Here, the DOC is an agency that is an

9   arm of the state and, therefore, does not qualify as a "person" for a § 1983 action. Therefore, the

10  Court again recommends Defendant DOC be dismissed.

11      **D.    Leave to Amend**

12      Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro*

13  *se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior

14  to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff

15  has been put on notice of the deficiencies of his proposed Complaint (Dkt. 1-2) and proposed

16  First Amended Complaint (Dkt. 3), but did not cure the deficiencies with the filing of his

17  proposed SAC (Dkt. 6). Accordingly, the Court recommends Plaintiff not be given additional

18  leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959

19  (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave

20  to amend because the plaintiff did not cure the complaint's deficiencies despite the district

21  court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan*

22  *Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to

23

24

deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### III.    CONCLUSION

The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the Complaint. Therefore, the Court recommends the case be **DISMISSED** for failure to state a claim and additional leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's IFP Motion (Dkt. 1) be **DENIED** and this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **February 2, 2024**, as noted in the caption.

Dated this 12th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge